IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICE OF ILLINOIS
EASTERN DIVISION

FILED
JUN 2 6 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN RE: DIGITAL MILLENUM COPYRIGHT ACT SUBPOENA TO ESSAYSCAM.ORG

07CV3597
JUDGE LEFKOW
MAGISTRATE JUDGE DENLOW

### REQUEST FOR SUBPOENA TO IDENTIFY INFRINGER UNDER DIGITAL MILLENIUM COPYRIGHT ACT

Pursuant to 17 USC Sec. 215(h), Axact (Pvt) Ltd., a foreign corporation, hereby requests issuance of a subpoena from this Court to EssayScam.org located in Mount Prospect, Illinois, requiring the disclosure of information sufficient to identify the source or identity of the person(s) who supplied the infringing material identified in the accompanying exhibit to the EssayScam.org website. In support thereof, Axact (Pvt) Ltd. attaches (a) its previous correspondence to the subpoena respondent providing notice of copyright violation pursuant to 17 USC 215 (c)(3)(A), (b)a proposed subpoena, and (c) the sworn declaration of Axact (Pvt) Ltd.'s counsel.

Respectfully Submitted,

By: One of the Attorneys for Plaintiff

Firm I.D. No. 41716
Paul B. O'Flaherty, Jr.
CHEELY, O'FLAHERTY & AYRES
19 South LaSalle Street
Suite 1203
Chicago, IL 60603
(312) 853-8712
P:\2320-000/25792

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## SUBPOENA

IN RE: DIGITAL MILLENIUM COPYRIGHT ACT
SUBPOENA TO ESSAY SCAM.ORG

Case Number:[1]

TO: Essayscam.org
C/O Anna Bubak
1777 W. Crystal Lane
Mt. Prospect, IL 60056

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents and electronic records reflecting the identity and/or contact information of the person(s) who supplied the posts http://www.essayscam.org/Forum/9_202_0.html to the Essayscam.org website

| PLACE | DATE AND TIME |
|---|---|
| Cheely, O'Flaherty, & Ayres, 19 South LaSalle Street, Suite 1203, Chicago, IL 60603 | 7/9/2007 2:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Axact (Pvt.) Ltd. | 6/26/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Paul B. O'Flaherty, 19 South LaSalle Street, Suite 1203, Chicago, IL 60603
(312) 853-8712

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| SERVED | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
             DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# CHEELY, O'FLAHERTY & AYRES

Daniel J. Cheely
Paul B. O'Flaherty, Jr.
Stephen R. Ayres
Anne T. Stinneford

ATTORNEYS AT LAW

19 South LaSalle Street
Suite 1203
Chicago, IL 60603

Writer's Direct Line: (312) 853-8712
Email: poflaherty@lawchicago.net

June 6, 2007

EssayScam.org
P.O. Box 100
Mount Prospect, IL 60056

Sent via UPS Next Day Air and Regular Mail

**Re: NOTICE OF COPYRIGHT INFRINGEMENT**

Ladies and Gentlemen:

I am an attorney representing Axact (Pvt) LTD., (hereinafter "the Owner").

As required under Section 512(c)(3) and 512(d)(3) of the Digital Millennium Copyright Act (17 U.S.C. §§512(c)(3) and 512(d)(3)), you are hereby placed on notice that:

The Owner is the exclusive owner of the Axact (Pvt) Ltd. corporate logo and letterhead (the "Protected Work"); and

The website www.essayfraud.org contains unauthorized copies of the Protected Work or derivative works of the Protected Work accessible in pages including but not limited to http://www.essayscam.org/Forum/9_202_0.html These posts are an infringement on the exclusive rights of the Owner (the "Infringing Material").

Please immediately remove all access to the Infringing Material.

I have a good faith belief that the use of the Infringing Material is not authorized by the Owner, its agents or the law. The information in this Notice of Copyright Infringement is accurate and under penalty of perjury, I am authorized to act on behalf of the Owner.

**NOTICE OF LIBEL**

Please further be advised that the above referenced posting to your web site constitutes defamation and libel against my client. The accusations presented against Axact on your web site are false and plainly libelous, to the extent that they impute fraud and deception. The posting of such information also violated your own Terms and Conditions governing the web site. We reserve our rights to pursue all legal remedies with respect to this defamation against both you and the anonymous author of the postings on your web site. In the interim, please immediately remove all references to Axact from your

CHEELY, O'FLAHERTY & AYRES

EssayScam.org
June 8, 2007
Page 2

web site, in the interest of stopping an ongoing tort and mitigating the damage which has been inflicted on Axact.

**INFORMATION REQUEST**

Please provide us with the identity of the anonymous poster who originated the unlawful posting(s) referenced above, along with all contact information in your possession concerning that person or persons.

Furthermore, because we anticipate litigation regarding these unlawful postings, please preserve all data relating to that member or user, including without limitation the IP address from which the postings in question were made and all information provided in connection with the establishment of their accounmt with you.

Should you require any further information regarding this matter, please contact me at the address, telephone number or email address indicated above. Thank you for your cooperation.

Very truly yours,

Paul B. O'Flaherty, Jr.

PBO: st
P:\2320-000\25478

## AFFIDAVIT OF PAUL B. O'FLAHERTY, JR.

NOW COMES the Affiant, being duly sworn, testifies and deposes as follows:

1. I am an attorney admitted to practice in Illinois and the United States District Court for the Northern District of Illinois, and I am retained and authorized to represent Axact (Pvt) Ltd. in this matter;

2. The purpose of this requested subpoena under the Digital Millennium Copyright Act is to identify the person or persons who caused material infringing upon Axact (Pvt) Ltd.'s copyright to be posted on the EssayScam.org website;

3. The information obtained pursuant to the subpoena will only be used for the purpose of protecting Axact (Pvt) Ltd,'s legal rights in relation to these unlawful internet postings.

Further Affiant sayeth not.

Subscribed and sworn to before me
this 25th day of June, 2007.

_Susan R. O'Quinn_
NOTARY PUBLIC

"OFFICIAL SEAL"
SUSAN L. O'QUINN
COMMISSION EXPIRES 06/21/08