# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 3597 | **DATE** | 7/6/2007 |
| **CASE TITLE** | In Re: Digital Millenum Copyright Act Subpoena To Essaycam.org | | |

**DOCKET ENTRY TEXT**

Axact(Pvt) Ltd.'s request for issuance of a subpoena to Essayscam.org [#1] is denied. Case dismissed. Civil Case Terminated. *See Statement below*

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

On June 26, 2006, petitioner, Axact (Pvt) Ltd. ("Axact"), requested this court to issue a subpoena pursuant to the Digital Millennium Copyright Act ("the DMCA"), 17 U.S.C. § 512(h)(1), to Essayscam.org requiring that website's owner to disclose information sufficient to identify the source or identity of the person who supplied material allegedly infringing on Axact's protected copyright in its corporate logo and letterhead. Axact's request was heard on July 5, 2007. At that hearing, the court noted that the DMCA applies only to service providers, as defined by 17 U.S.C. § 512(k), and invited Axact to submit additional authority showing that Essayscam.org meets the statutory definition. Axact then filed a one page memorandum of law in support of its request, devoting a single sentence to arguing that Essayscam.org is a "service provider" and citing no case authority. For the reasons set forth below, Axact's request is denied.

The DMCA provides that "[a] copyright owner or a person authorized to act on the owner's behalf may request the clerk of any United States district court to issue a subpoena to a service provider for identification of an alleged infringer...." 17 U.S.C. § 512(h)(1). A service provider is defined by the DMCA as (1) "an entity offering the transmission, routing or providing of connections for digital online communications, between or among points specified by a user, of material of the user's choosing, without modification to the content of the material as sent or received" or (2) "a provider of online services or network access, or the operator of facilities therefore," including ISPs under (1). 17 U.S.C. § 512(k)(1)(A) and (B).

Axact contends that Essayscam.org is "a provider of online services" because "a user can go online to its website and click on a link provided by Essayscam.org to a website that makes use of the Axact name and logo without authorization of Axact." Section 512(k)(1)(B)'s definition has been interpreted broadly. *See Hendrickson* v. *eBay*, *Inc.*, 165 F. Supp. 2d 1082, 1087 ("eBay clearly meets the DMCA's broad definition of

online 'service provider' "); *CoStar Group, Inc.* v. *LoopNet, Inc.*, 164 F. Supp. 2d 688, 701 (D. Md. 2001) (online real estate listings service qualified as ISP under DMCA); *ALS Scan, Inc.* v. *RemarQ Cmties., Inc.*, 239 F.3d 619, 623 (4th Cir. 2001) (classifying newsgroup site as DMCA service provider and noting: "The Act defines a service provider broadly."); *Perfect 10, Inc.* v. *Cabernet Ventures, Inc.*, 213 F. Supp. 2d 1146 (C.D. Cal. 2002) (finding good reason to believe, but not deciding whether, owner of internet age verification service is a "provider of online services"). None of these cases, however, extend the statutory definition far enough to encompass the type of "service" provided by Essayscam.org.

Since Essayscam.org requires a person to register before posting to its website and reserves the right to edit or remove objectionable material, which includes posts containing profane or commercial messages, Essayscam.org exerts some control over the content on its website. Thus, to the extent Essayscam.org provides a service, it is to serve as an intermediary between the poster and the reader, filtering content that does not conform to the specified rules of the forum. Nevertheless, Essayscam.org performs this "service" for free: it does not charge posters or readers, sell advertisement space, nor conduct any income-generating activity on its website. As a consequence, Essayscam.org has a strictly non-commercial character, which distinguishes its activity from that conducted by entities such as eBay, Amazon and Yahoo! and likens it to a weblogger, whom one commentator has suggested does not constitute a "service provider." *See* Attiya Malik, Are You Content With the Content? Intellectual Property Implications of Weblog Publishing, 21 J. Marshall J. Computer & Info. L. 439, 488 (2003). To expand the definition of "service provider" to encompass the type of activity alleged here would threaten to subject every weblogger, chat room host, and MySpace user to a subpoena requiring them to turn over the personal identifying information of visitors to their websites. This court cannot envision that Congress intended such a potentially invasive intrusion into the privacy of ordinary internet users when it enacted the DMCA. Accordingly, Axact's request is denied.